

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 28 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X
ALEX SHAW III,

      Plaintiff,

-against-

THE ESTATE OF MITCHELL L.
KAUFMAN, ESQUIRE, in the capacity
of New York State Supreme Court
Appointed Referee, and
HOWARD POLLACK, ESQUIRE, in the
capacity of New York State Supreme
Court Appointed Substitute Referee,

      Defendants.
------------------------------------X

Not for Publication

**MEMORANDUM & ORDER**
19-CV-4835 (KAM) (LB)

**MATSUMOTO, United States District Judge:**

On August 22, 2019, Alex Shaw III (the "Plaintiff") filed this *pro se* action against court-appointed referees, Mitchell L. Kaufman and Howard Pollack (the "Defendants"). (ECF No. 1, Complaint ("Compl.").) Plaintiff has paid the filing fee to commence this action. The complaint is dismissed for the reasons set forth below.

**BACKGROUND**

Plaintiff's complaint arises from a foreclosure action filed by Wells Fargo Bank against Plaintiff in the Supreme Court of the State of New York, County of Queens, under Index No. 701531/2016. The state court substituted Howard Pollack as the

1



referee appointed to sell the premises located at 107-47 109th Street in Queens by auction, after Mitchell L. Kaufman, the initial referee, passed away. Plaintiff alleges that neither defendant "has the statutory right" to sell the premises because they lack "Official State approved Oath[s]" filed with the Queens County Clerk's Office. (Compl. at 3-4.) He seeks damages and injunctive relief.

## STANDARD OF REVIEW

In reviewing the complaint, the court is mindful that Plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Nonetheless, a district court may dismiss the action, *sua sponte*, even if the plaintiff has paid the filing fee, if it determines that the action is frivolous, *see Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *see also Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 119 (2d Cir. 2015), or that the district court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory," *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted); or (3) "it is clear that the defendants are immune from suit." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327); *Ashmore v. Prus*, No. 13-CV-2796, 2013 WL 3149458, at *2 (E.D.N.Y. June 19, 2013).

**DISCUSSION**

Plaintiff's claims against defendants are frivolous and cannot proceed because court-appointed referees are entitled to absolute immunity for their official acts. *Wilson v. Wilson-Polson*, 446 F. App'x 330, 331 (2d Cir. 2011); *Topolski v. Wrobleski*, No. 5:13-CV-0872, 2014 WL 2215761, at *3 (N.D.N.Y. May 29, 2014); *Renner v. Stanton*, No. 13-CV-1676, 2013 WL

3

1898389, at *3 (E.D.N.Y. May 7, 2013); *Odums v. New York City Dep't of Bldgs.*, No. 09-CV-1145, 2009 WL 2905761, at *2 (E.D.N.Y. July 9, 2009); *Green v. Kadilac Mortg. Bankers, Ltd.*, 936 F.Supp. 108, 115 (S.D.N.Y. 1996) (finding that court-appointed referee was "absolutely immune from liability" because "[n]onjudicial officials are encompassed in the absolute immunity accorded to judges when their official duties have an integral relationship with the judicial process") (internal quotations omitted) (quoting *Brown v. Costello*, 905 F.Supp. 65, 75 (N.D.N.Y. 1995); *Weiss v. Feigenbaum*, 558 F.Supp. 265, 272 (E.D.N.Y. 1982)).

Plaintiff sues defendants precisely for their official act in presiding over the auction and sale of the premises pursuant to a state court order. (*See generally*, Compl.) Further, Plaintiff's contention that defendants have no authority because they allegedly lack an oath of office filed with the county clerk fails. *Wilson*, 446 F. App'x at 331 ("We reject Wilson's contention that the referee was without jurisdiction . . . on the theory that she allegedly failed to file an oath of office."). Therefore, Plaintiff's complaint is dismissed as frivolous.

## CONCLUSION

Accordingly, the complaint is dismissed in its entirety. Although Plaintiff paid the filing fee to commence

4

this action, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) ("We consider a defendant's good faith in this type of case demonstrated when he seeks appellate review of any issue not frivolous.").

The Clerk of Court is directed to enter judgment and close this case. The Clerk of Court is further directed to serve a copy of this Memorandum & Order and the judgment on Plaintiff at Plaintiff's address of record,\* and note service on the docket.

**SO ORDERED.**

Dated:   October 25, 2019
         Brooklyn, New York

                                        /S/ USDJ KIYO A. MATSUMOTO
                                        ―――――――――――――――――――――
                                        Kiyo A. Matsumoto
                                        United States District Judge

---

\* All parties, whether *pro se* or represented by counsel, are obligated to inform the court of changes of address and other contact information.